Anthony Francis FAULKNER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 10007.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1966.

Decided Oct. 3, 1966.

John M. Ryan, Norfolk, Va. (Court-assigned counsel) (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on the brief), for appellant.

Roger T. Williams, Asst. U. S. Atty., and C. V. Spratley, Jr., U. S. Atty., for appellee.

Ronald P. Sokol, Charlottesville, Va., amicus curiae.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges, sitting en banc.

PER CURIAM.

In this collateral proceeding, under the provisions of 28 U.S.C.A. § 2255, Faulkner attacks his conviction as a juvenile delinquent on the ground that his confession, introduced in evidence at the trial, was taken in violation of his Sixth Amendment right to counsel. The District Court found no violation of any constitutional right, and we find none.

The Supply Department at the Naval Air Station, Norfolk, Virginia, reported to the F.B.I. that a tape recorder was missing. An F.B.I. agent went to the Air Station to inquire into the matter. He obtained such records as were available in the Supply Department, including a transfer slip which had been signed by Faulkner upon the initial transfer of the recorder from the Supply Department. He then undertook to inquire about the procedures followed in connection with the custody of such equipment after removal from the Supply Department, and for that purpose he sought to interview Faulkner. The agent identified himself and informed Faulkner that he had a right to consult a lawyer, a right not to talk at all, and that anything he did say might be used against him in court.

There is no substantial dispute about the facts. Faulkner testified as to the warnings that were given him. He stated that the entire proceedings, including the reduction of the confession to writing, took an hour or less. After informing Faulkner of his rights the agent asked

him, according to Faulkner, if he knew anything about the matter. After some preliminary hedging Faulkner blurted out that he had pawned the equipment.

Faulkner was proceeded against under the Federal Juvenile Delinquency Act. He was convicted on November 19, 1964, but the imposition of sentence was suspended, and he was placed upon probation.

Shortly thereafter he entered pleas of guilty to three separate charges before a Special Court Martial of wrongful appropriation of Navy trucks. This report led to proceedings to revoke his probation. Appointed counsel in those proceedings filed the Section 2255 petition attacking his former conviction. Faulkner's sole contention of error is that he was not told that the court would appoint a lawyer for him if he could not afford one.

Faulkner's conviction took place after the decision in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), but we cannot read *Escobedo* as requiring that a person being interviewed in connection with an investigatory inquiry must be informed of an indigent defendant's right to court-appointed counsel. Such a person is not a defendant, and *Escobedo* did not extend the principle of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), to all the persons who might be contacted for information in the preliminary investigation of a crime. We note that the F.B.I. has now revised its procedures so that every possible suspect is told that he has the right to court-appointed counsel,[1] but the F.B.I. agent followed the prescribed procedure at that time, and *Escobedo* required no more.

We conclude that under the circumstances of this case the confession was admissible.

Affirmed.

[1]. See Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which, however, is not applicable to this

case, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).